1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH SMITH,

11            Plaintiff,                   No. 2:11-cv-03244 JAM KJN PS

12        v.

13   SACRAMENTO BOARD OF PRISON
     TERMS,
14
              Defendant.              <u>ORDER</u>
15
     _____/
16

17            Plaintiff, who is proceeding without counsel, filed his complaint on December 7,

18   2011 (Dkt. No. 1).[1]  Presently before the court is plaintiff's application to proceed without

19   prepayment of fees, or in forma pauperis (Dkt. No. 2).  For the reasons stated below, the

20   undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses his

21   complaint without prejudice.  Plaintiff is granted leave to file an amended complaint.

22            Plaintiff has requested leave to proceed in forma pauperis.  Pursuant to federal

23   statute, a filing fee of $350 is required to commence a civil action in federal district court.  28

24   U.S.C. § 1914(a).  The court may, however, authorize the commencement of an action "without

25   _____

26        [1]  This case proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                          1

1    prepayment of fees and costs or security therefor" by a person that is unable to pay such fees or

2    provide security therefor.  28 U.S.C. § 1915(a)(1).  Plaintiff's application and declaration make

3    the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the undersigned grants

4    plaintiff's request to proceed in forma pauperis.

5          However, the determination that a plaintiff may proceed in forma pauperis does

6    not complete the inquiry.  The court is also required to screen complaints brought by parties

7    proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d

8    1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

9    dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the

10    allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a

11    claim on which relief may be granted, or the action seeks monetary relief against an immune

12    defendant.

13          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on

16    an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke,

17    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled,

18    has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

19          In assessing whether a plaintiff's complaint fails to state a claim on which relief

20    can be granted, the court adheres to the "notice pleading" standards.  Under the notice pleading

21    standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a

22    "short and plain statement" of plaintiff's claims showing entitlement to relief and a "demand for

23    the relief sought."  Fed. R. Civ. P. 8(a)(2)-(3); see also Paulsen v. CNF, Inc., 559 F.3d 1061,

24    1071 (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if, taking all

25    well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to

26    relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

1   Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial

2   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3   inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty.

4   Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The

5   court accepts all of the facts alleged in the complaint as true and construes them in the light most

6   favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is

7   "not, however, required to accept as true conclusory allegations that are contradicted by

8   documents referred to in the complaint, and [the court does] not necessarily assume the truth of

9   legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559

10  F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading

11  liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in

12  the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that

13  the plaintiff can correct the defect.  See Lopez, 203 F.3d at 1130-31.

14          Upon review of plaintiff's one-page complaint,[2] the undersigned dismisses the

15  complaint for failure to comply with the notice pleading standards described above, but grants

16  plaintiff leave to file an amended complaint.  The pleading deficiencies in the complaint are

17  fundamental and preclude the court from ordering service of the complaint.  In short, plaintiff's

18  complaint does not allege facts that state a claim upon which relief may be granted; indeed, the

19  nature of plaintiff's claims is entirely unclear, and the complaint does not appear to seek any

20  specific form of relief.  With no offense intended toward plaintiff, plaintiff's complaint is largely

21  incomprehensible.  The facts alleged appear to relate to a hearing concerning the revocation of

22  plaintiff's parole following a parole violation that occurred on December 30, 1999.  Beyond that

23  general summary of facts, the complaint consists of several disjointed allegations that do not

24  form a coherent claim.  In essence, the complaint is unintelligible to the point that the court

25

26          [2]  Although plaintiff's filing consists of 12 total pages, the substance of plaintiff's
        complaint is presented only on one handwritten page.

                                                    3

1   cannot discern the nature of plaintiff's claims or the relief sought.

2           Based on the foregoing, the undersigned dismisses plaintiff's complaint.

3   However, plaintiff is granted leave to file an amended complaint that complies with Rule 8 and

4   the pleadings standards stated above.  Plaintiff is informed that the court cannot refer to prior

5   pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220

6   requires that an amended complaint be complete in itself.  This requirement is because, as a

7   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8   F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being

9   treated thereafter as non-existent.").  Accordingly, once a plaintiff files an amended complaint,

10  the original complaint no longer serves any function in the case.  Defendants not named in an

11  amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.

12  1992).  "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is

13  deemed to have waived any error in the ruling dismissing the prior complaint."  N.Y. City

14  Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

15          For the reasons stated above, IT IS HEREBY ORDERED that:

16          1.      Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2)

17  is granted.

18          2.      Plaintiff's complaint is dismissed with leave to amend.

19          3.      Plaintiff is granted 30 days from the entry of this order to file an amended

20  complaint that is complete in itself.  The amended complaint must bear the docket number

21  assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an

22  amended complaint in accordance with this order will result in a recommendation that this action

23  be dismissed.

24  DATED:  January 4, 2012

25  _____
    KENDALL J. NEWMAN

26  UNITED STATES MAGISTRATE JUDGE

4