1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH SMITH,

11            Plaintiff,                    No. 2:11-cv-03244 JAM KJN PS

12       v.

13   SACRAMENTO BOARD OF PRISON
     TERMS,
14
             Defendant.          FINDINGS AND RECOMMENDATIONS
15
     _____/
16

17            Through these proposed findings and recommendations, the undersigned

18   recommends that plaintiff's case be dismissed with prejudice and that this case be closed.[1]

19   Although plaintiff was granted leave to amend his First Amended Complaint, plaintiff twice

20   failed to do so and also failed to respond to an order to show cause.

21   I.       BACKGROUND

22            Plaintiff, who is proceeding without counsel, filed his complaint on December 7,

23   2011 (Dkt. No. 1).  On January 5, 2012, the undersigned granted plaintiff's application to

24   proceed in forma pauperis and screened plaintiff's complaint as required by 28 U.S.C.

25   _____

26       [1] This case proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

§ 1915(e)(2).  (Order, Jan. 5, 2012, Dkt. No. 3.)  The undersigned dismissed plaintiff complaint with leave to amend and granted plaintiff 30 days to file a first amended complaint.  Plaintiff failed to file an amended complaint.

As a result of plaintiff's failure to file a first amended complaint, the undersigned entered an order to show cause ("OSC"), which required plaintiff to: (1) "show cause in writing, no later than April 27, 2012, why his case should not be dismissed for . . . failure to prosecute the action and failure to follow the court's orders"; and (2) "file a first amended complaint that addresses the issues raised in the court's screening order entered on January 5, 2012," no later than April 27, 2012.  (OSC at 2-3, Apr. 10, 2012, Dkt. No. 4.)  In ordering plaintiff to show cause, the undersigned warned plaintiff: "Plaintiff's failure to file the required writing or the first amended complaint shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)."  (Id.) The OSC also advised plaintiff as follows:

> Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

> See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv.,

403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

(Id. at 1-2.)  The court's docket reveals that plaintiff failed to file a first amended complaint or a response to the OSC.

II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[2]  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S. 909 (2003).  This court's Local Rules are in accord. See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with

---

[2]  Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice
> to the defendants; (4) the public policy favoring disposition of
> cases on their merits; and (5) the availability of less drastic
> alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action. Plaintiff's failure to file a first amended complaint and a response to the OSC despite clear warnings of the consequences for such failures, strongly suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to

4

1  noncompliant litigants).

2       In addition, the third factor, which considers prejudice to a defendant, should be

3  given some weight.  See Ferdik, 963 F.2d at 1262.  Although the court has not ordered that

4  plaintiff's operative complaint be served on defendant, defendant remains named in a lawsuit.  It

5  is difficult to quantify the prejudice suffered by defendant here; however, it is enough that

6  defendant has been named in a lawsuit that plaintiff has effectively abandoned.  At a minimum,

7  defendant has been prevented from attempting to resolve this case on the merits by plaintiff's

8  unreasonable delay in prosecuting this action.  Unreasonable delay is presumed to be prejudicial.

9  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

10       The fifth factor, which considers the availability of less drastic measures, also

11  supports dismissal of this action.  As noted above, the court has actually pursued remedies that

12  are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

13  128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

14  actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied,

15  Malone v. Frank, 488 U.S. 819 (1988).  The court excused plaintiff's initial failure to file a first

16  amended complaint, provided plaintiff with additional time to file a first amended complaint, and

17  granted plaintiff an opportunity to explain his failure to file that amended pleading.  Moreover,

18  the court advised plaintiff that he was required to actively prosecute his action and follow the

19  court's orders.  It also warned plaintiff in clear terms that failure to file a first amended complaint

20  and a response to the OSC would result in a recommendation of dismissal.  Warning a plaintiff

21  that failure to take steps towards resolution of his or her action on the merits will result in

22  dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963

23  F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his

24  failure to obey the court's order will result in dismissal can satisfy the 'consideration of

25  alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At this juncture, the court finds

26  no suitable alternative to a recommendation for dismissal of this action.  This finding is

1   supported by the fact that plaintiff is proceeding in forma pauperis and thus would very likely be

2   unable to pay any monetary sanction imposed in lieu of dismissal.

3          The court also recognizes the importance of giving due weight to the fourth factor,

4   which addresses the public policy favoring disposition of cases on the merits.  However, for the

5   reasons set forth above, factors one, two, three, and five strongly support a recommendation of

6   dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

7   proper "where at least four factors support dismissal or where at least three factors 'strongly'

8   support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

9   and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

10  outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

11  963 F.2d at 1263.

12  III.    CONCLUSION

13         For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

14         1.      Plaintiff's action be dismissed with prejudice pursuant to Federal Rule of

15  Civil Procedure 41(b) and Local Rules 110 and 183(a).

16         2.      The Clerk of Court be directed to close this case.

17         These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

19  days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

21  Such a document should be captioned "Objections to Magistrate Judge's Findings and

22  Recommendations."  Any response to the objections shall be filed with the court and served on

23  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

24  ////

25  ////

26  ////

1    Failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d

3    1153, 1156-57 (9th Cir. 1991).

4                  IT IS SO RECOMMENDED.

5    DATED:  May 30, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7